UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 22-MJ-246 |
| | : |
| TYREE MCCOMBS, | : |
| | : |
|   Defendant. | : |

**<u>GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION</u>**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(A) (case involving a crime of violence), 18 U.S.C. § 3142(f)(1)(B) (offense carrying life sentence), 18 U.S.C. § 3142(f)(1)(E) (other felony involving firearm), 18 U.S.C. § 3142(d)(1)(A)(iii) (offense committed while on probation or parole) of the federal bail statute. As discussed further below, the defendant stands charged with Kidnapping in violation of 18 U.S.C. § 1201(a)(1).

The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

    **I.**    **<u>Procedural History</u>**

The defendant is charged by criminal complaint with Kidnapping in violation of 18 U.S.C. § 1201(a)(1). ECF No. 1. The defendant's initial appearance was held on November 10, 2022, before the Honorable Magistrate Judge G. Michael Harvey. His detention hearing is scheduled for November 14, 2022. The government now moves for detention pending trial pursuant to the above-referenced provisions of the federal bail statute.

## II.     Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. *Id*.; *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *Smith*, 79 F.3d at 1210, *see also Williams*, 798 F. Supp. at 36.

Under Section 3142(g), the Court must analyze four factors in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure appearance of the defendant in court or the safety of the community. *See* 18 U.S.C. § 3142(e)(1).

### A.     Nature and Circumstances of the Offense Charged

The first factor to be considered, the nature and circumstances of the offenses charged, weighs heavily in favor of pretrial detention.

### *Kidnapping and Shooting of C1*

On November 7, 2022, shortly before 10:00 p.m., the complainant (C1) parked her car and walked toward the entrance of an apartment building located at 8181 Robinson-Jefferson Drive in Elkridge, Maryland. As C1 approached the entrance to the building, a black male (S1) opened the door and appeared to be holding the door open for C1. C1 entered the building, at which time S1 grabbed C1's purse. C1 and S1 struggled over the purse, which C1 would not let go. A second black male (S2) approached and produced a black handgun. S2 hit C1 in the head twice with the firearm, but C1 refused to let go of the purse. Eventually S1 and S2 were able to take the purse from C1.

The suspects' conduct escalated from there. S1 and S2 dragged C1 to a silver sedan and shoved C1 into the vehicle.[1] S1 drove the car while S2 sat in the back seat with C1 pointed a gun at her. Inside the car, the suspects went through C1's purse and found a Glock handgun in a lockbox, credit cards, approximately $8,000 to $9,000 in U.S. currency, identification and social security cards, and two iPhones. C1 estimated that she was held in the silver sedan by S1 and S2 for approximately 2 hours. At some point during that time, S1 stopped the car to get gas in Prince George's County, Maryland. S2 pumped the gas while S1 moved from the driver's seat to back seat with C1. S1 proceeded to sexually assault C1 by grabbing C1's left breast and between ITs legs.

Later, S1 and S2 stopped the car in a neighborhood unknown to C1. The suspects exited

---

[1] Howard County, Maryland police were dispatched to 8181 Robinson-Jefferson Drive at 10:11 p.m. on November 7, 2022, in response to a 911 call. A witness on scene reported seeing an individual consistent in description to C1 being dragged away by a suspect. C1's vehicle was found in the parking lot of the location.

the vehicle and began speaking to each other; C1 could not hear the conversation. The suspects re-entered the vehicle and were noticeably quiet as they continued to drive. C1 asked the suspects repeatedly whether they intended to kill C1. C1 believed that the suspects did intend to kill her, and after approximately 25 to 30 minutes C1 jumped out of the silver sedan at the intersection of 24th Street and South Dakota Avenue NE, Washington, D.C. C1 left her property inside the car and ran. As C1 was running, she heard several gunshots and realized she had been shot in the right ankle. C1 ran to a nearby home and did not observe the direction that the suspects fled.

Shotspotter technology identified the sound of 5 gunshots at 3400 24th Street NE at approximately 12:29 a.m. on November 8, 2022. Metropolitan Police Department (MPD) officers responded to the location and found C1 suffering from a gunshot wound to her ankle. C1 was treated on scene then taken to a nearby hospital. C1 told law enforcement that the vehicle used to kidnap C1 was a silver sedan with red seats. C1 was not confident that she could identify S1 or S2, as both were wearing face masks covering all but their eyes. Both suspects were wearing black hooded tops, and one suspect was wearing black pants with a Nike logo.

### *Identification of the Defendant*

On November 8, 2022, MPD criminal research specialists noted that a high Global Positioning System (GPS) hit was detected for Tyree Mccombs (DOB ▮-▮▮-1995; PDID ▮▮▮▮▮) (hereinafter, the defendant) in relation to the offense locations. The defendant was under GPS monitoring through the Court Services and Offender Supervision Agency (CSOSA) in Washington, D.C. as part of the defendant's supervised release in D.C. Superior Court case 2018 CF3 14258, in which the defendant was convicted of Attempted Robbery.

The defendant's GPS tracks indicated that the defendant followed C1 prior to abducting

her. C1 reported that she had attempted to make a cash deposit at the ATM located at the Navy Federal Credit Union at 9201 Alaking Court in Capitol Heights, Maryland around 9:00 p.m., not long before the kidnapping. The defendant's GPS data shows that on November 7 between 9:00 and 9:10 p.m., less than an hour before the abduction, the defendant was within 0.2 miles of this Navy Federal Credit Union location. At 9:11 p.m., the GPS data shows that the defendant moved to the location of the ATM at the bank.

C1 reported that, after her failed attempt to deposit the cash, she drove form the Navy Federal to 8181 Robison-Jefferson Drive (the abduction location). The defendant's GPS data showed him also traveling from the bank to the abduction location by traveling northbound on I-495, then I-95, then arriving at a plaza at or near a COSTCO and in a parking area outside of 8181 Robinson-Jefferson Drive, Elkridge, Maryland at approximately 9:42 p.m.

Still photographs from video surveillance taken from 8181 Robinson-Jefferson Drive Elkridge, Maryland confirm that a silver sedan and a dark colored sedan[2] were in the parking lot at this location. The stills further show two hooded suspects, one of whom is holding an individual who is on the ground.

---

[2] Law enforcement is investigating the potential involvement of this second vehicle, which appeared to be traveling with the silver sedan throughout the kidnapping.





The defendant's GPS data then showed him leaving the scene of the kidnapping via route

6

175 toward I-95 southbound at approximately 9:58 p.m., approximately 13 minutes before Howard County Police responded to the location due to the report of the abduction. At approximately 10:08:19 PM, the defendant's GPS location was recorded as traveling southbound on I-95. License Plate Reader data recorded a silver Toyota bearing VA Tag ▮▮▮5487 traveling southbound on I-95 in the same location at 10:08:14 PM.

Between 10:39 p.m. and 10:53 p.m. on November 7, the defendant's GPS data placed him at Suitland Elementary School at 2629 Lewis Avenue, Suitland, MD. Law enforcement has preliminarily reviewed surveillance footage from this location, which showed a silver sedan and dark colored sedan together at that time.

At approximately 10:58 p.m., the defendant's GPS data placed him in the vicinity of the 4700 block of Davis Avenue in Suitland, Maryland. Video surveillance from a Ring Camera from this time period showed a vehicle consistent with a silver sedan and a dark colored vehicle stop next to each other on the block.



Between 11:17 p.m. and 11:22 p.m. on November 7, the defendant's GPS data showed him at a Fill Up Gas Station located at 4402 Forestville Road, Forestville, MD. Video surveillance from the gas station from that time frame showed a silver Toyota sedan arrive. It further showed the driver of the vehicle get out and interact with a passenger, who got out of the back seat. Both driver and passenger were wearing face masks, dark colored pants and hooded sweatshirts with the hoods pulled up. This video is consistent with C1's account of being in a silver sedan with S1 and S2 – one of whom drove the vehicle while the other sat with her in the back seat and held a gun to her.

Law enforcement was able to locate the gas station and surveillance footage by comparing the defendant's GPS data with information provided by C1. Subsequent to her initial interviews, C1 reached out to law enforcement and informed them that she remembered the name of the gas station in Prince George's County where the suspects stopped. C1 further identified which gas pump the car went to. In the video, the silver sedan was at the same pump that C1 described to law enforcement.

The defendant's GPS tracks also placed him at the scene of C1's shooting at 12:29 a.m. on November 8, 2022. According to Shotspotter records, 5 rounds were fired at 12:29 a.m. on November 8, 2022, in the vicinity of 3400 24th Street NE, Washington, D.C. The GPS data places the defendant within 26 feet of 3304 24th Street NE at 12:29 a.m. on November 8, 2022. This address is located at the intersection of 24th Street NE and South Dakota Avenue NE, where C1 jumped out of the silver sedan with red seats. The defendant's GPS tracks then show him traveling southbound at or near South Dakota Avenue NE at a rate of 39 miles per hour at 12:31 a.m. License Plate Reader data recorded a silver Toyota sedan bearing VA Tag ▉▉▉5487 traveling southbound

on South Dakota Avenue NE, Washington, DC from the scene of the shooting on November 8, 2022 at 12:32:24 a.m.

The defendant's GPS data then placed him in the vicinity of 4407 3rd Street SE, Washington, D.C. from 12:58 a.m. – 1:24 a.m. on November 8, 2022 and then placed him at ▇ Shepherd Street NW, Washington, D.C. by 1:45 a.m.

In light of the evidence gathered connecting the defendant to these offenses, law enforcement created a 9-person photo array including a photograph of the defendant. The photo array was shown to C1, who indicated that IT was not certain and did not select any photograph. However, C1 used ITs right fingers to point to photograph number 9 and stated, "I feel like it's number 9 but I'm not 100% sure" and "he looks recognizable from the eye area." The defendant's photograph was in position number 9.

The defendant's home address on file with CSOSA is ▇ Shepherd Street NW. Law enforcement responded to this address during the morning on November 8, 2022. The defendant was located walking in the rear alley of 720 Shepherd Street NW, where he was arrested. During a custodial interview following his arrest, the defendant denied involvement in these offenses and claimed not to remember where he was during the night of November 7, 2022. Law enforcement obtained and executed a search warrant for the residence on November 8, which resulted in the recovery of mail matter belonging to the defendant but no additional evidence of the offenses under investigation.[3]

---

[3] On November 8, 2022, law enforcement observed a silver Toyota Camry with red seats consistent in appearance with the suspect vehicle parked on the street near 720 Shepherd Street NE. This vehicle is registered with D.C. tags to W1, the sister of the defendant. W1 provided consent to search the vehicle, and no items of evidentiary value were recovered. W1 also indicated to law enforcement that the defendant did not have permission to use W1's vehicle, and W1 did

On November 9, 2022, law enforcement recovered a silver Toyota Camry with red seats in the area of the 2400 block of S Street SE. The vehicle has Virginia tag ▇▇▇5487 – the same as the suspect vehicle – and was carjacked from its owner (C2) by two black male suspects on November 2, 2022, at a gas station at 2305 Pennsylvania Avenue SE, Washington, D.C. No arrests have been made in relation to the carjacking. The vehicle is being transferred to FBI custody for evidence processing.

License plate reader (LPR) records show that this silver Toyota Camry was traveling southbound on I-95 on November 7 at 10:08:19 p.m. at the exact same moment and location the defendant's GPS data shows him traveling southbound on I-95. LPR records also show the Toyota Camry traveling southbound on South Dakota Avenue NE at 12:32:21 a.m. on November 8, 2022. At 12:32:24 a.m. that morning, the defendant's GPS data shows him traveling southbound on South Dakota Avenue NE. in the same location.

As described above, the defendant was a central participant in a disturbing and brazen plot to kidnap C1 at gunpoint and commit any and all acts of violence against C1 in furtherance of the crime. It is only due to C1's escape from the defendant and his co-conspirator that the ultimate objective of their plan is not yet fully apparent. However, their decision to expel 5 rounds at C1 while C1 was fleeing for her life underscores the lengths the defendant and his co-conspirator were willing to go and how easily the defendant's conduct could have resulted in a homicide. Even more concerning is that the defendant's GPS monitoring data shows him lying in wait to kidnap C1. This was not a spontaneous crime of opportunity. It was a planned and coordinated effort to kidnap

---

not believe that the vehicle had been driven the night of November 7 because W1 did not receive a notification from a Toyota application that tracks the usage of W1's vehicle.

C1 and use whatever violence necessary to prevent C1's escape.

Given the defendant's conduct, the government preliminarily estimates his sentencing guidelines' range to be at least 235 – 293 months' incarceration.

The defendant's conduct as well as the potential sentence he faces weighs in favor of pretrial detention.

### B.  Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also weighs in favor of detention. The defendant committed these offenses while wearing a GPS monitoring device. When comparing the defendant's GPS coordinates with locations significant to the offense and locations where the silver sedan were captured through either LPR data or surveillance footage, the defendant's participation in the robbery is clear:

| **Location** | **Silver Sedan** | **Defendant's GPS** | **Location Reported by C1[4]** |
|---|---|---|---|
| Navy Federal | X | X | X |
| Kidnap Location | X | X | X |
| Suitland Elementary | X | X | |
| 4700 blk Davis Avenue | X | X | |
| Fill Up Gas Station | X | X | X |
| Shooting Location | X | X | X |

The GPS data placed him at the bank and the scene of the kidnapping, which are nearly 30 miles apart. It placed him at Suitland Elementary School (a location approximately 34 miles from the scene of the kidnapping) and a location in the vicinity of 4700 Davis Avenue (approximately .5 miles from the school) at the same time as a silver sedan. His GPS data placed him at the gas

---

[4] C1 reported other stops, but as of the time of this filing has not provided specific addresses.

11

station and then the scene of the shooting in Northeast Washington, D.C.

On at least two different occasions, the defendant's GPS tracks overlap with LPR hits for a silver Toyota Camry with red seats that matches the description given by C1 of the vehicle used to kidnap and detain C1. Moreover, C1 indicated during a photo array procedure that, while not 100% certain, C1 believed she recognized the defendant as one of her kidnappers. The defendant's inability to account for his own whereabouts during a custodial interview just hours after the kidnapping provides further support for the conclusion that the weight of the evidence against the defendant, even at this early stage of the investigation, favors detention.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, weighs heavily in favor of detention. At the time of the instant offenses, the defendant was on supervision for an Attempted Robbery conviction in D.C. Superior Court case 2018 CF3 014258. In that case, the defendant pleaded guilty and admitted in a sworn proffer of facts to robbing a male and female victim of their property at gunpoint with a second suspect on September 4, 2018. The defendant was sentenced to 24 months of incarceration followed by 3 years of supervised release. Additionally, in 2018 the defendant was charged and ultimately found not guilty at trial of Carrying a Pistol Without a License in D.C. Superior Court case 2018 CF2 001834. Finally, the government directs the Court's attention to the juvenile adjudications discussed on pages 3 and 4 of the Pretrial Report prepared in this case. The nature of those matters is deeply concerning.

Considering these factors, the defendant's history and characteristics weigh heavily in favor of pretrial detention.

### D. Danger to the Community

The defendant's prior criminal conduct and the instant conduct at issue in this case, nearly all of which involves the use of firearms during the commission of crimes of violence, are gravely concerning. The defendant has spent approximately 6 of the last 11 years serving terms of incarceration for his various offenses. He has followed each term of incarceration with the commission of new crimes. The instant conduct—committed while on supervised release including GPS monitoring for a violent crime committed using a firearm—demonstrates the defendant's complete disregard for the obligations that attend conditional release pending trial. And the nature of the instant conduct, as well as the defendant's prior criminal conduct, illustrates the severity of the danger he will pose to the community if not detained pending trial.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:      */s/ Meredith E. Mayer-Dempsey*
MEREDITH E. MAYER-DEMPSEY
N.Y. Attorney No. 5213202
CHARLES R. JONES
D.C. Attorney No. 1035541
Assistant United States Attorneys
Federal Major Crimes Section
601 D Street N.W.
Washington, D.C. 20530
(202) 815-4063
Meredith.Mayer-Dempsey@usdoj.gov